UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER K. TUCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-00147-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

On August 1, 2024, Petitioner Alexander Tucker ("Tucker") filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255 [Doc. 1].  This Court then ordered the United States to show cause why the relief requested in Tucker's motion should not be granted.  The government filed a response on August 28, 2024 [Doc. 3].  Tucker did not file a reply.  Based on the reasons set forth below, this Court will dismiss Tucker's claims as waived and procedurally barred or otherwise deny them without an evidentiary hearing because they fail as a matter of law.

### I.  PROCEDURAL HISTORY

On November 30, 2023, Tucker pled guilty to one count of selling and disposing stolen firearms, in violation of 18 U.S.C. § 922(j).  *United States v. Tucker*, Case No. 1:23-cr-00085-SNLJ ("Crim. Case"), Doc. 24.  At his guilty plea hearing, Tucker admitted that he stole multiple firearms from an elderly couple and then sold them at a pawn shop.  *Id*. at 2-3.  The instant federal offense represented Tucker's twentieth

criminal conviction—many of which involved burglaries and thefts.  *See* Crim. Case, Doc. 31 (presentence investigation report, or "PSR") ¶¶ 36-54.  This Court ultimately sentenced Tucker to serve a 63-month term of imprisonment in the Bureau of Prisons, a sentence at the bottom of his properly calculated guideline range.  Crim. Case, Doc. 37; *see also* PSR ¶ 81.

Tucker filed this filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255 on August 1, 2024.  In his first ground for relief, Tucker asserts that "18 U.S.C. 2255 922(j) statute is unconstitutional." Doc. 1, p. 5.  In his second ground for relief, Tucker alleges ineffective assistance of counsel, stating that "Counsel coerced Petitioner to plead guilty & failed to inform him his rights to direct appeal or that 922(g)(1) & gun laws across America are being challenged."  Doc. 1, p. 6.  Tucker then attached a 40-page type-written brief attacking the validity of 18 U.S.C. § 922(g)(1)—a statute he was not convicted of violating— stating that is unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  The brief never mentioned § 922(j), the statutory provision forming the basis of Tucker's conviction, nor does the brief mention ineffective assistance of counsel.

Because Tucker's claims fail as a matter of law, the Court will dismiss the motion without a hearing.

## II.  LEGAL STANDARD

"Section 2255 was intended to afford federal prisoners a remedy identical in scope to Federal habeas corpus."  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)

2

(en banc) (quotation omitted).  And like habeas corpus, this statutory remedy "does not encompass all claimed errors in conviction and sentencing." *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  Under section 2255(a), a petitioner may file a motion for post-conviction review on four specified grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such a sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) 'that the sentence is otherwise subject to collateral attack.'"  *Martin v. United States*, 150 F.Supp. 3d 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)).  The petitioner bears the burden of proof as to each asserted ground for relief.  *Golinveaux v. United States*, 915 F.3d 564, 567 (8ᵗʰ Cir. 2019) (citation omitted).

## A.  Claims Alleging Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner has the burden of proving his or her claims by a preponderance of the evidence.  The United States Supreme Court set forth the standard to apply in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must prove that counsel's performance was so deficient that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id*. at 687.  As to the "deficiency" prong, the petitioner must show that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances."  *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988); (quoting *Hayes v. Lockhart*, 766 F.2d 1247, 1251 (8th Cir. 1985)).  Second, petitioner must show that petitioner was prejudiced by

counsel's errors, and but for counsel's errors the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 687.  Where a reviewing court determines that the challenged errors had no impact on the result of the proceedings, the ineffectiveness claim fails.  *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000). Where petitioner cannot affirmatively prove prejudice, the performance prong need not be addressed.  *Boysiewick v. Schiro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

**B.  Need for Evidentiary Hearing**

A motion filed under 28 U.S.C. § 2255 should be denied without an evidentiary hearing when the court records conclusively show that the petitioner is not entitled to relief.  A hearing is not required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.*"  Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (2008) (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)).  The Eighth Circuit has repeatedly recognized, "[a] § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)).  Conclusory allegations will simply not suffice.  *United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995).

### III.  DISCUSSION

Tucker's claims must be summarily denied.  First and foremost, the statutory provision forming the basis of Tucker's conviction makes it "unlawful for any person knowingly to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm . . . knowing or having reasonable cause to believe that the firearm was stolen."  18 U.S.C. § 922(j).  In his 40-page brief attacking the validity of § 922(g)(1), Tucker did not even attempt to claim that the Second Amendment somehow bestows upon him a constitutional right to steal firearms from other citizens.  And of course, such a claim would be patently absurd.  That aside, any argument as to the constitutionality of 18 U.S.C. § 922(g)(1) simply has no relevance to Tucker's case.

Moreover, even if Tucker had been convicted of violating § 922(g)(1), his claim would nevertheless be foreclosed by the Eighth Circuit's recent decision in *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 2708, 221 L. Ed. 2d 970 (2025).  In *Jackson*, the Eighth Circuit concluded that § 922(g)(1) is constitutional because "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons."  *Id*. at 1129.  Even if Tucker had been convicted of violating § 922(g)(1), his contentions would be foreclosed by binding precedent.  Thus, Tucker is entitled to no relief for ground one of his § 2255 motion.

Tucker's second ground for relief is ineffective assistance of counsel.  In his brief, Tucker makes no mention of this claim and fails to meet his burden of proof.  Claims of ineffective assistance of counsel require petitioner to identify specific acts or omissions which reveal that counsel did not provide "reasonably effective assistance."  *Strickland*,

466 U.S. at 687.  Tucker is entitled to no relief for ground two of his § 2255 motion

After a thorough review of Tucker's claim, the Court finds that "the motion and the files and records of the case conclusively show that [Tucker] is entitled to no relief[.]" 28 U.S.C. § 2255(b).  Therefore, Tucker's petition can be dismissed without an evidentiary hearing.

## IV.  CONCLUSION

For the foregoing reasons, this Court will deny Petitioner's § 2255 motion [Doc. 1] without an evidentiary hearing.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of federal constitutional right.

**SO ORDERED** this 18th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE